Turley, J.
delivered the opinion of the court.
The complainant recovered sundry judgments against Wm. P. Searcy. One A. Poole had also recovered judgments against him. Upon all these judgments executions were issued, and levied on a tract of land, as the property of Searcy. Upon the day of sale Tilman bought the land, bidding for it the amount of his and Poole’s judgments, by agreement; there was no money paid. Tilman took the sheriff’s deed for the land, and now files his bill to set aside the conveyance made for the same land, previous to his purchase, by Wm. P. Searcy to his father *348 Reuben Searcy and Robert Donelson, in fraud, to the hindrance and delay of his creditors.
There are two questions presented for consideration.
1st. Is the deed of conveyance from Win. P. Searcy to Reuben Searcy and Robert Donelson void; having been made to hinder and delay his creditors in the collection ol their rust debts?
We think it is; the proof leaves no doubt upon our minds, that the conveyance was made to defraud his creditors.
2d. Was there any champertous contract, or agreement, between the complainant and Poole, or his agents, whereby Poole became responsible for a part of the costs of the prosecution of this suit, and for which it should be dismissed?
We think not.
The proof shows that Poole was interested to the extent of his judgments against Wm. P. Searcy in the controversy; that the complainant bid the amount of his judgments, as well as his own upon the land. We, therefore, can see no reason why he mightinot maintain the suit, as his rights were involved in it.
But furthermore: the proof does not show that there is such an agreement to support the suit, as is obligatory in law, but merely an intention or expectation on the part of Poole to pay a portion of the costs if the suit be lost.
We, therefore, think there is no error in the decree of the Chancellor, and affirm the same.